*E. S. Miller*, Esq., for plaintiff.

---

*Second Judicial District.*

## In the Court of Common Pleas of Lancaster County.

### GRAHAM *v.* WALKER & CO.

An award of arbitrators that exceeds the sum claimed in the several counts of the narr, but is not greater than the amount of damages claimed, will not be disturbed.

The court of Common Pleas has no power to reform, remodel, or alter an award of arbitrators which has become an absolute judgment of record.

**Rule to show cause why the award should not be reformed so as to conform to the amount laid in the narr and the actual claim of plaintiff.**

Opinion delivered January 17, 1874, by

LIVINGSTON, P. J. Harrison Graham, on October 12, 1871, brought an action of assumpsit against Asahel C. Walker and Samuel Walker, lately trading and doing business as Walker & Co., to November Term, 1871, No. 15. The summons was served October 16, 1871.

The narr filed October 12, 1871, contains the common counts, alleging that defendants were indebted to plaintiff in the sum of $200 for money loaned ; in the further sum of $200 for money laid out and expended ; in the further sum of $200 for money had and received ; in the further sum of $200 for goods sold and delivered ; in the further sum of $200 for work and labor done ; in the further sum of $200 for money due on an account stated between them, &c. Alleging, also, the non-pay

ment of said several sums, or any of them, a refusal to pay, and that plaintiff has suffered damage to the amount of $400, and, therefore, he brings suit, &c. On December 23, 1871, defendants plead "non assumpsit." The cause was then referred to arbitrators, who, on November 8, 1872, filed an award in favor of plaintiff for $354.20, after having (as they report), heard the parties, their proofs, and allegations. On November 29, 1872, defendants entered an appeal, and gave the prothonotary a draft in payment of costs. Plaintiff then claimed a rule to show cause why the appeal should not be stricken off, because of the draft being given, and this rule, upon argument, was made absolute. A writ of error was then taken to the Supreme Court, and the order of this court striking off the appeal was affirmed.

We are now asked to reform or remodel the award of arbitrators, which has become an absolute judgment, and make it $200 instead of $354.20, because, as is now alleged, the amount of the award is greater than plaintiff's claim, and greater than the amount declared for.

This rule must be discharged, for two reasons :

*First.* Because the amount of the award is not greater than the amount of damages claimed in the narr, as was the case in Trego *v.* Lewis, 8 Smith, 463. The amount of damages laid in the narr is $400, and the arbitrators, after hearing and passing upon the proofs and allegations of the parties, awarded plaintiff $354.20. A number of witnesses have been examined since the above rule was taken and entered, and their depositions read to the court upon the argument. The defendants, while they and their witnesses swear that plaintiff was at one time willing to accept $80 or thereabouts, as a full settlement of his claim against them, do not state the amount of the claim he had against them for the timber they took, according to their account, nor the sum they really owed him. They merely state what he was willing to accept by way of settlement. While the plaintiff swears that he never offered to accept $80 as a settlement ; that his claim was for about 18,000 feet of timber taken by defendants without his permission, for which he had asked them $22 per 1000 feet, and they had offered him $20 per 1000 feet, and that he did at one time, to avoid a law-suit, offer to take $100 for his claim. Dr. Martin also swears that the value of the timber was $22 per 1000 feet, so that the only testimony before us, with reference to the actual amount of the claim, shows it to have been about equal to the sum awarded by the arbitrators to the plaintiff.

*Second.* Because, when the award of arbitrators was returned to the prothonotary, entered upon the docket, and suffered to become an absolute judgment, the court of Common Pleas has no power to reform, remodel, or alter it, even if it be illegal on its face, nor to change its amount.

The award of arbitrators, as returned to the prothonotary, and by him entered upon the docket, must be permitted to stand as entered.

—— *Swift*, Esq., for plaintiff ; *S. H. Reynolds*, Esq., for defendant.